UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- :

GABRIELLE M. BUCKLEY (FKA BEEBE),                              :

                                                              :     **COMPLAINT**

                          Plaintiff,                          :

                                                              :     **JURY TRIAL DEMANDED**

               -against-                                      :

                                                              :     Case No.:  8:25-CV-1524 (MAD/PJE)

VILLAGE OF SARANAC LAKE, SARANAC                              :

LAKE POLICE DEPARTMENT, and LEIGH                             :

WENSKE,                                                       :

                                                              :

                          Defendants.                         :

-------------------------------------------------------------- 

        Plaintiff, GABRIELLE M. BUCKLEY (at the time of all events alleged herein Officer

Buckley was known as Officer BEEBE), by and through her attorneys, Harding Mazzotti, LLP,

hereby files this Complaint against Defendants, Village of Saranac Lake, Saranac Lake Police

Department, and Leigh Wenske (collectively referred to as "Defendants"), to allege upon

knowledge concerning her own experience, and upon information and belief as to all other matters,

as follows:

<u>**PRELIMINARY STATEMENT**</u>

        1.      Plaintiff brings this action charging that Defendants violated Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the New York State Human Rights

Law ("NYSHRL") to recover lost wages, compensatory damages, punitive damages, reasonable

attorneys' fees and costs as a result of being subjected to severe and pervasive sexual harassment

creating a hostile work environment and being retaliated against for opposing such discrimination.

        2.      Plaintiff, a female police officer employed by Defendant Village of Saranac Lake,

was subjected to sexual harassment by her colleagues and supervisors, including the Chief of

Police (Wenske), including sexually derogatory nicknames with explicit sexual connotations, sexually explicit comments and questions about her personal life, off-duty surveillance and stalking, and a hostile work environment based on her sex.

3.      After Plaintiff participated in a sexual harassment complaint filed on her behalf by a fellow female officer in August 2021, Defendants engaged in a campaign of retaliation against Plaintiff, including continued harassment, intimidation, surveillance, denial of training opportunities, and discriminatory discipline.

4.      This complaint seeks to remedy the sexual harassment and retaliation in violation of Title VII and the New York State Human Rights Law.

5.      Plaintiff seeks compensatory damages, punitive damages, back pay, equitable relief, and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. § 1331, as her claims arise under the laws of the United States, namely Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

7.      The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

8.      Venue is properly laid in the Northern District of New York, pursuant to 28 U.S.C. § 1391(b)(1) & (2), because the Northern District of New York is the judicial district in which Defendants' offices and place of business are located in Saranac Lake, New York. Additionally, the Northern District of New York is the judicial district in which a substantial part of the events forming the basis of this lawsuit are alleged to have been committed.

## THE ADMINISTRATIVE REMEDIES REQUIREMENT

9.      Plaintiff filed a joint charge of discrimination with the New York State Division of Human Rights ("NYSDHR") (Case No.: 10217003) and the Equal Employment Opportunity Commission ("EEOC") (Charge No.: 16GC202380) on April 27, 2022.

10.     The EEOC deferred processing and investigation of the charge to the New York State Division of Human Rights.

11.     After investigation, on March 25, 2024, the New York State Division of Human Rights made a determination that PROBABLE CAUSE exists to believe that the Defendants engaged in unlawful discriminatory practices.

12.     On May 16, 2024, Plaintiff's counsel requested that the NYSDHR complaint be dismissed on the grounds of administrative convenience to pursue the matter in federal court.

13.     On July 22, 2024, the NYSDHR issued a Recommended Order of Dismissal for Administrative Convenience, which was adopted and issued as a Final Order on October 2, 2024.

14.     Plaintiff then sought a Notice of Right to Sue from the EEOC so her complaint could be filed in federal court.

15.     On July 31, 2025, the EEOC issued Plaintiff a Notice of Dismissal and Right to Sue, dismissing the charge because Plaintiff wished to pursue the matter in Federal District Court.

16.     This complaint is filed within the ninety-day period after receipt of the Right to Sue.

## THE PARTIES

17.     Plaintiff, Gabrielle M. Buckley (Beebe), is an individual residing in Franklin County, New York, and is a Saranac Lake Police Officer employed by Defendant, Village of Saranac Lake.

3

18.     Defendant, Village of Saranac Lake, is a municipal corporation organized and existing under the laws of the State of New York, with its principal place of business located at 39 Main Street, Saranac Lake, New York 12983. At all times relevant herein, Defendant Village of Saranac Lake was Plaintiff's employer and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

19.     Defendant, Saranac Lake Police Department, is the police department of the Village of Saranac Lake, located at 39 Main Street, Saranac Lake, New York 12983. At all times relevant herein, Defendant Saranac Lake Police Department was Plaintiff's employer and is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

20.     Defendant, Leigh Wenske, is an individual who, at all times relevant herein, was employed by Defendant Village of Saranac Lake as Acting Chief of Police with the Saranac Lake Police Department. Defendant Wenske is sued in his individual and official capacities. At all relevant times, Defendant Wenske was acting under color of state law and was a supervisor with authority over Plaintiff.

## STATEMENT OF FACTS

21.     Plaintiff, Gabrielle M. Buckley (Beebe), was hired by Defendant Village of Saranac Lake as a Police Officer with the Saranac Lake Police Department on June 29, 2020. Notably, Defendant Village did not even have an anti-discrimination or sexual harassment policy when Plaintiff was hired. It was not until October 13, 2020[1] that the Village adopted such a policy. Plaintiff avers, however, that the Village never enforced the policy it did eventually adopt.

---

[1] In contrast, eighteen years earlier, the NYPD adopted its first formal sexual harassment policy on August 9, 2002.

22.     Plaintiff successfully completed her field training in February 2021 and her probationary period ended on November 15, 2021, at which time she became a permanent employee.

23.     At all times relevant herein, Plaintiff was qualified for her position as Police Officer and performed her job duties in a satisfactory manner.

24.     Plaintiff's job duties included patrol, responding to calls, evidence handling and field testing, court transports, attending mandatory training, and shift work including overtime.

25.     Plaintiff was initially assigned to Platoon 1 under the direct supervision of Travis LaBar, a Sergeant with the Saranac Lake Police Department.

26.     Travis LaBar, is an individual who, at all times relevant herein, was employed by Defendant Village of Saranac Lake as a Sergeant with the Saranac Lake Police Department. At all relevant times, LaBar was acting under color of state law and was Plaintiff's direct supervisor with authority over Plaintiff.

27.     Jason Swain, is an individual who, at all times relevant herein, was employed by Defendant Village of Saranac Lake as a Sergeant with the Saranac Lake Police Department. At all relevant times, Swain was acting under color of state law and was a supervisor with authority over Plaintiff.

**The Gender Motivated Hostile Work Environment**

28.     Beginning in or around June 2021, LaBar and Defendant Wenske, the then Chief of Police, began referring to Officer Aaron Sharlow by the sexually charged nickname "Taco" and to Officer William Flynn by the sexually charged nickname "Bell."

29.     Plaintiff later learned from Officer Sharlow that "Taco" was a sexual reference to performing oral sex on Plaintiff's vagina, and "Bell" referred to "ringing Plaintiff's bell" (understood by the officers to mean having sex with the Plaintiff).

30.     Once Plaintiff became aware of the sexual connotations of these nicknames, the behavior was unwelcome to her.

31.     Additionally, Swain made direct sexually explicit comments to other officers about Plaintiff, including asking Officer Sharlow "when you going to fuck Beebe?" and "when you going to break in Beebe's bedroom?"

32.     The sexually charged nicknames and sexually explicit comments about Plaintiff created a "boys' club" atmosphere of unprofessional conduct at the Saranac Lake Police Department that was hostile and demeaning to Plaintiff as a female officer.

33.     Notably, and to be discussed more below, on November 22, 2021, an independent investigation conducted by the law firm Roemer Wallens Gold & Mineaux LLP concluded that both LaBar and Defendant Wenske violated the Village's Anti-Discrimination and Harassment Policy by engaging in the use of terms of a sexual nature to refer to Officer Sharlow, which was unwelcome to Plaintiff and constituted a violation of the Policy.

34.     The investigation report issued on November 22, 2021, found that the investigation revealed a Probable Cause determination that Defendants engaged in conduct that violated the Village's policies.

**Additional Acts of Gender Discrimination**

35.     On July 24, 2021, Plaintiff was subjected to a mandatory breathalyzer test administered by LaBar in front of other officers. Plaintiff attended a social event the previous evening and had consumed alcohol off-duty 24 hours before coming to work that evening. When

she reported for her shift on July 24, 2021, she was not feeling well and excused herself from a platoon meeting to go to the restroom. LaBar then required her to submit to a breathalyzer test, ostensibly to determine her "fitness for duty."

36.     The breathalyzer test was humiliating and was conducted for the purpose of harassing Plaintiff based on her sex.

37.     On August 1, 2021, while on duty, Plaintiff was exposed to fentanyl during evidence field testing. Plaintiff began experiencing symptoms including feeling hot, drowsy, blurred vision, and dizziness, and eventually lost consciousness.

38.     LaBar, Plaintiff's direct supervisor who was present during the incident failed to respond in a timely manner to Plaintiff's medical emergency. Approximately 40 minutes elapsed from when Plaintiff first reported symptoms until emergency medical assistance was called.  LaBar dismissed Plaintiff's complaints of feeling suddenly ill due to Plaintiff's gender.

39.     Plaintiff required two doses of NARCAN to reverse the overdose, was transported to Adirondack Medical Center by ambulance where she received an IV drip and experienced a seizure en route to the hospital.

40.     The substance that caused Plaintiff's overdose was confirmed to be heroin laced with fentanyl.

41.     On August 2, 2021, the day after Plaintiff's hospitalization, LaBar sent Plaintiff a text message stating "don't make me regret it," which Plaintiff understood to be a reference to his administering NARCAN to save her life.

42.     While Plaintiff was still in the hospital recovering from the fentanyl exposure, Defendant Wenske visited her hospital room and made an intimidating comment suggesting she might be in trouble, stating "we will discuss it later."

43.     Defendant Wenske's comment insinuated she might face discipline for LaBar's negligence in failing to timely secure medical assistance for her.

**Plaintiff's Protected Activity**

44.     On August 11, 2021, Sergeant Reyanin Brown, a then fellow female officer with the Saranac Lake Police Department, filed a written complaint with the Village pursuant to the Village's Anti-Discrimination and Harassment Policy.

45.     Sergeant Brown's complaint alleged that Acting Chief Wenske and Sergeant LaBar "tyrannize and disparage department members to such a degree that it is substantially lowering morale."

46.     Sergeant Brown's complaint included allegations regarding conduct toward herself as well as toward Plaintiff, specifically including the sexually charged nicknames and other harassing conduct directed at Plaintiff.

47.     Plaintiff was named as a subject of the harassment allegations in Sergeant Brown's August 11, 2021, complaint.

48.     Plaintiff initially declined to participate in the investigation of Sergeant Brown's complaint.

49.     On October 21, 2021, Plaintiff was ordered by Village Manager John Sweeney to participate in the investigation as a witness and provide testimony.

50.     Plaintiff complied with the directive and participated in the third-party investigation, providing testimony about the sexual harassment and hostile work environment she had experienced, including testimony against her supervisors Defendant Wenske, and Sergeants LaBar and Swain.

51.    Plaintiff's participation in the investigation constituted protected activity under Title VII.

**<u>The Campaign of Retaliation</u>**

52.    Following Plaintiff's participation in the sexual harassment investigation, Defendants engaged in a more aggressive campaign of retaliation against Plaintiff designed to intimidate, harass, and punish her for engaging in protected activity.

53.    On or about October 11, 2021, Defendant Wenske sent a text message to Officer Luke Cromp and Sergeant LaBar directing them to "not speak to" Plaintiff because "she is playing both of you to her advantage."

54.    Defendant Wenske's directive that officers were not to speak to Plaintiff was understood by Plaintiff and other officers as an order to isolate and ostracize Plaintiff in retaliation for her participation in the sexual harassment complaint and investigation. The plain language of the text message created a hostile and isolating work environment for Plaintiff.

55.    While the investigation was ongoing, people in the department refused to speak to Plaintiff, and her supervisors subjected her to heightened scrutiny, reviewing everything she did.

56.    After Plaintiff's protected complaint, LaBar engaged in surveillance and stalking of Plaintiff during her off-duty hours, including driving by her residence on multiple occasions and later commenting on her whereabouts directly to her.

57.    On September 27-28, 2021, LaBar followed Plaintiff to a hospital parking lot while she was off-duty.  He had no business reason for doing so.

58.    On October 17, 2021, LaBar made an intimidating statement to Plaintiff, warning her that "There are eyes and ears everywhere." LaBar admitted making this statement to the Division of Human Rights.

59.    On November 28, 2021, Plaintiff was involved in a "stink bomb" joke at the police station. Another officer, Officer Aaron Sharlow, was also involved in the same incident.

60.    On January 13, 2022, Plaintiff was served with a Notice of Discipline for the "stink bomb" joke, with a proposed penalty of five days (12-hour days) of vacation time forfeiture.

61.    Although Officer Sharlow was also involved in the "stink bomb" joke, the disciplinary action taken against Plaintiff was more severe and was issued in retaliation for her participation in the sexual harassment complaint and investigation.

62.    In February 2022, Plaintiff entered into a Stipulation of Settlement regarding the discipline, agreeing to forfeit three 12-hour vacation days (36 hours total) and waiving her Civil Service Law §75 rights.

63.    Plaintiff felt pressured to accept the settlement because she believed the Department was attempting to terminate her employment in retaliation for her protected complaint and she used the forfeiture of vacation time as a bargaining chip to secure confirmation that her probationary period had ended.

64.    The disciplinary action and resulting loss of 36 hours of vacation time was pretextual and was issued in retaliation for Plaintiff's participation in the sexual harassment complaint and investigation.

**Denial of Training**

65.    Plaintiff was denied training opportunities that were provided to other officers, including Crisis Intervention Team (CIT) training scheduled for October 11-15, 2021, and Field Training Officer (FTO) training.

66.    The denial of training opportunities limited Plaintiff's professional development and career advancement opportunities within the Department and was done in retaliation for her participation in the sexual harassment complaint and investigation.

**The Village's Failure to Remediate**

67.    Although the November 22, 2021, investigation report confirmed that Defendant Wenske and Sergeant LaBar violated the Village's Anti-Discrimination and Harassment Policy, the Village failed to take appropriate disciplinary action against them.

68.    Defendant Wenske was issued only a counseling memorandum on December 9, 2021, despite the investigation's finding that he violated Village policy.

69.    Sergeant LaBar was issued only a counseling memorandum on December 9, 2021, despite the investigation's finding that he violated Village policy. Upon information and belief, the memorandum was never even placed in his file as required but instead kept in a safe.

70.    Defendant Wenske was permitted to retire on December 31, 2021, without facing any meaningful discipline for his violations of the Village's policies.

71.    A Village Board member, Richard Shapiro, informed Plaintiff on May 22, 2022, in a conversation captured on Plaintiff's body camera and preserved, that although the Village knew Defendant Wenske's conduct was inappropriate and the investigation findings were substantiated, they allowed him to retire instead of taking disciplinary action.

72.    The Village Board member's statement, captured on body camera footage obtained through a FOIL request, unequivocally confirmed that the Village failed to protect Plaintiff and other employees from sexual harassment and retaliation and also failed to punish the offenders who were deemed culpable of the alleged conduct by a third party investigation.

**The Village's Direct Retaliatory Conduct**

73.    On or about May 22, 2022, directly following the Plaintiff learning from Shapiro that the Village had conspired to let Wenske retire despite a third-party investigation finding him culpable of violations of village policy related to Plaintiff, Plaintiff reported that conversation to the Chief of Police, Chief Perrotte.

74.    The Village was well aware of the conversation between Plaintiff and Shapiro because after the conversation with Shapiro the Plaintiff immediately presented herself to the Village submitting a foil request for the bodycam footage of the May 22, 2022, conversation.

75.    Plaintiff was later told by Shapiro that his conversation with the Plaintiff captured on body cam footage was the impetus for issues that arose between himself and the Village Mayor. The Village was very aware of Plaintiff's legal claims and the fact that Plaintiff had marshalled the evidence from the bodycam.

76.    In January 2023, approximately six months after Plaintiff complained that the Village had let her harasser retire instead of bringing discipline charges, the Village provided Plaintiff's full name and social security number to a Saranac Lake resident who had been harassing and stalking the Plaintiff.

77.    In or about October 2023 Seargent Brown was on duty watching bodycam footage unbeknownst to Plaintiff who happened to be near her desk. Not expecting it, Plaintiff suddenly heard the voice of the resident who had stalked her laughing, telling the officers in his presence[2], "the Village of Saranac Lake even gave me her social security number", referring to Officer Buckley.  Both Plaintiff and Sergeant Brown were shocked.

---

[2] The bodycam footage was obtained when the resident had been in an altercation with Plaintiff while she was on duty and was arrested and taken to a nearby hospital by other Saranac Lake PD officers.

78.    Plaintiff assumed that the individual was lying to intimidate her if the message came back to her.  However, the sound of the laughing voice terrorized her and she decided to speak to Chief Perrotte about it.  Plaintiff was speechless as Chief Perrotte responded, "I thought they (the Village) told you."  He continued on, telling Plaintiff that "approximately a year ago there was a breach in your personal information, and they gave him your social security number." He explained that the individual she had notified the Village and the PD was stalking and harassing her, had "FOILED" her personnel file, and the Village turned it over failing to block out the Police Officer Plaintiff's full name or social security number.

79.    The Chief explained that in March 2023 he received notice from the village saying there had been a January 2023 breach, but it was his understanding the Village was notifying the Plaintiff.

80.    When confronting the Village clerk after learning of this information, Plaintiff was told that they (the Village) did not have to notify her that there was a breach but only had to put the information in her file as per legal advice they sought.

81.    The Village intentionally, knowingly and in violation of the NYS Labor Law 203-d retaliated against the Plaintiff by providing her confidential information to a person who was known to the Village as someone who had harassed and stalked the Plaintiff.

82.    As a result of Defendants' sexual harassment and retaliation, Plaintiff has suffered severe emotional distress, anxiety, humiliation, loss of vacation time and other accrued leave benefits, damage to her professional reputation, and loss of career advancement opportunities.

### AS A FIRST COUNT -
### Sexual Harassment and Hostile Work Environment
### (Title VII of the Civil Rights Act of 1964)

83.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

84.    Plaintiff is female and is a member of a protected class.

85.    Plaintiff was subjected to unwelcome harassment by Defendants, including but not limited to the use of sexually charged nicknames referring to Plaintiff ("Taco" and "Bell" with explicit sexual connotations), sexually explicit comments and questions about Plaintiff by Swain, mandatory breathalyzer testing in front of other officers for harassment purposes, off-duty surveillance and stalking of Plaintiff by LaBar, and intimidating comments and text messages by Defendants.

86.    The harassment was based on Plaintiff's sex. The sexually charged nicknames, sexually explicit comments, and other harassing conduct were directed at Plaintiff because she is a woman and created a "boys' club" atmosphere at the Saranac Lake Police Department that was hostile and demeaning to Plaintiff as a female officer.

87.    The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. The sexually charged nicknames and sexually explicit comments about Plaintiff were used repeatedly by multiple supervisors from approximately June 2021 through August 2021. The harassment continued after Plaintiff participated in the sexual harassment investigation and escalated to include surveillance, stalking, mandatory breathalyzer testing, isolation from colleagues, and discriminatory discipline. The November 22, 2021, investigation report confirmed that LaBar and Defendant Wenske violated the Village's Anti-Discrimination and Harassment Policy. The pervasive and severe nature of the harassment created a hostile and abusive working environment that interfered with Plaintiff's ability to perform her job duties.

88.    There is a basis for imputing liability to Defendants for the harassment. Defendant Wenske as well as LaBar, and Swain were Plaintiff's supervisors and had authority over her

14

employment. Defendant Wenske was Acting Chief of Police, and LaBar and Swain were Sergeants with supervisory authority over Plaintiff. The harassment was committed by these supervisors during the course of their employment and within the scope of their authority. Defendant Village of Saranac Lake is vicariously liable for the harassment committed by its supervisors.

89.     Defendant Village of Saranac Lake is further liable for its negligence in failing to prevent and correct the harassment. Despite the November 22, 2021, investigation report confirming violations of the Village's Anti-Discrimination and Harassment Policy by LaBar and Defendant Wenske, the Village failed to take appropriate disciplinary action. The Village issued only counseling memoranda and permitted Defendant Wenske to retire without meaningful discipline "to save money." The Village's failure to take appropriate remedial action allowed the hostile work environment to continue and sent a message that sexual harassment would be tolerated.

90.     Defendants' conduct as described herein was intentional and done with forethought and with a total disregard for Plaintiff's rights.

91.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered significant economic and compensatory damages, including but not limited to loss of vacation time and other accrued leave benefits, loss of career advancement opportunities, severe emotional distress, anxiety, humiliation, and damage to her professional reputation. Plaintiff also seeks punitive damages.

### AS A SECOND COUNT–
### Retaliation (Title VII of the Civil Rights Act of 1964)

92.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

93. Plaintiff engaged in protected activity under Title VII, known to Defendants, by participating in Sergeant Reyanin Brown's sexual harassment complaint filed on August 11, 2021, and by providing testimony in the third-party investigation conducted by Roemer Wallens Gold & Mineaux LLP regarding sexual harassment and hostile work environment at the Saranac Lake Police Department.

94. Defendants took materially adverse employment actions against Plaintiff after she engaged in the protected activity described above.

95. The materially adverse employment actions taken against Plaintiff include but are not limited to:

    a. Defendant Wenske directing officers to "not speak to" Plaintiff, isolating and ostracizing her in the workplace;

    b. Off-duty surveillance and stalking of Plaintiff by LaBar, including driving by her residence on multiple occasions and following her to a hospital parking lot;

    c. Intimidating comments by LaBar warning Plaintiff that "There are eyes and ears everywhere";

    d. Heightened scrutiny of Plaintiff's work performance and activities by her supervisors;

    e. Discriminatory discipline for the November 28, 2021 "stink bomb" incident, resulting in a Notice of Discipline served on January 13, 2022, and the forfeiture of 36 hours of vacation time, while other officers involved in the same incident received lesser or no discipline;

f.  Denial of training opportunities, including Crisis Intervention Team (CIT) training and Field Training Officer (FTO) training, limiting Plaintiff's professional development and career advancement;

g.  In January 2023 the Village retaliated against Plaintiff for Plaintiff obtaining a statement against the Village's interest from Village Board member Richard Shapiro.

96.     There is a causal connection between Plaintiff's protected activity and the materially adverse employment actions taken against her by Defendants. The retaliatory conduct began immediately after Plaintiff was ordered to participate in the investigation on October 21, 2021, and escalated throughout and following the investigation. The temporal proximity between Plaintiff's protected activity and the adverse actions, combined with the pattern and intensity of the retaliatory conduct, establishes the causal connection.

97.     Defendants' conduct as described herein was intentional and done with forethought and with a total disregard for Plaintiff's rights.

98.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has sustained significant economic and compensatory damages, including but not limited to loss of vacation time and other accrued leave benefits, loss of training and career advancement opportunities, severe emotional distress, anxiety, humiliation, and damage to her professional reputation. Plaintiff also seeks punitive damages.

## AS A THIRD COUNT –
### Sexual Harassment and Hostile Work Environment
### (New York State Human Rights Law)

99.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

100.    At all times relevant herein, Defendants were "employers" within the meaning of New York Executive Law Article 15, § 296.

101.    Plaintiff is female and is a member of a protected class under the New York State Human Rights Law.

102.    Plaintiff was subjected to unwelcome harassment by Defendants because of her sex, including but not limited to the use of sexually charged nicknames referring to Plaintiff ("Taco" and "Bell" with explicit sexual connotations), sexually explicit comments and questions about Plaintiff by Swain, mandatory breathalyzer testing in front of other officers for harassment purposes, off-duty surveillance and stalking of Plaintiff by LaBar, and intimidating comments and text messages by Defendants.

103.    The harassment was based on Plaintiff's sex and created a hostile work environment. The sexually charged nicknames, sexually explicit comments, and other harassing conduct were directed at Plaintiff because she is a woman and created a "boys' club" atmosphere at the Saranac Lake Police Department that was hostile and demeaning to Plaintiff as a female officer.

104.    Under New York Executive Law § 296.1(h), harassment based on sex constitutes an unlawful discriminatory practice when it subjects an individual to inferior terms, conditions, or privileges of employment because of the individual's sex, regardless of whether such harassment would be considered severe or pervasive under federal precedent.

105.    The harassment subjected Plaintiff to inferior terms, conditions, and privileges of employment because of her sex. The November 22, 2021, investigation report confirmed that Defendant Wenske and Sergeant LaBar violated the Village's Anti-Discrimination and Harassment Policy.

106.    There is a basis for imputing liability to Defendants for the harassment. Defendant Wenske was the Chief of Police, LaBar, and Swain were Plaintiff's supervisors and had authority over her employment. The harassment was committed by these supervisors during the course of their employment and within the scope of their authority.

107.    Defendant Village of Saranac Lake is further liable for its negligence in failing to prevent and correct the harassment. Despite the investigation report confirming violations of the Village's policies, the Village failed to take appropriate disciplinary action, issuing only counseling memoranda and permitting Defendant Wenske to retire without meaningful discipline

108.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered significant damages, including but not limited to loss of vacation time and other accrued leave benefits, loss of career advancement opportunities, severe emotional distress, anxiety, humiliation, and damage to her professional reputation.

109.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

110.    Plaintiff engaged in protected activity under the New York State Human Rights Law by participating in Sergeant Reyanin Brown's sexual harassment complaint filed on August 11, 2021, and by providing testimony in the third-party investigation regarding sexual harassment and hostile work environment at the Saranac Lake Police Department 12.

111.    Defendants took materially adverse employment actions against Plaintiff after she engaged in protected activity, in violation of New York Executive Law § 296.7.

112.    The materially adverse employment actions taken against Plaintiff include but are not limited to:

a.  Defendant Wenske directing officers to "not speak to" Plaintiff, isolating and ostracizing her in the workplace;

b.  Off-duty surveillance and stalking of Plaintiff by LaBar;

c.  Intimidating comments by LaBar warning Plaintiff that "There are eyes and ears everywhere";

d.  Heightened scrutiny of Plaintiff's work performance and activities;

e.  Discriminatory discipline for the November 28, 2021 "stink bomb" incident, resulting in forfeiture of 36 hours of vacation time;

f.  Denial of training opportunities, limiting Plaintiff's professional development; and

g.  The Village retaliated against Plaintiff for Plaintiff obtaining a statement against the Village's interest from Village Board member Richard Shapiro.

113.    There is a causal connection between Plaintiff's protected activity and the adverse employment actions. The retaliatory conduct began immediately after Plaintiff was ordered to participate in the investigation on October 21, 2021, and escalated throughout and following the investigation.

114.    Under New York Executive Law § 296.7, it is unlawful for an employer to retaliate against any individual because the individual has opposed practices forbidden under the Human Rights Law or has filed a complaint, testified, or assisted in any proceeding under the Human Rights Law 29.

115.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has sustained significant damages, including but not limited to loss of vacation time and other accrued

leave benefits, loss of training and career advancement opportunities, severe emotional distress, anxiety, humiliation, and damage to her professional reputation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment in her favor against Defendants as follows:

A.   Declaring that Defendants have engaged in unlawful discriminatory and retaliatory practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the New York State Human Rights Law, N.Y. Executive Law Article 15, § 296, and enjoining Defendants from continuing to engage in such unlawful employment practices.

B.   Ordering Defendants to implement effective policies, procedures, and training to prevent and address sexual harassment and retaliation in the workplace;

C.   Awarding Plaintiff compensatory damages for all economic losses, including but not limited to lost vacation time, lost wages, lost benefits, and other economic harm;

D.   Awarding Plaintiff compensatory damages for non-economic harm, including but not limited to emotional distress, pain, suffering, humiliation, mental anguish, and damage to professional reputation;

E.   Awarding Plaintiff punitive damages against the individual Defendants for their malicious and reckless conduct under Title VII and such other punitive damages as may be available under the New York State Human Rights Law;

F.   Awarding Plaintiff reasonable attorneys' fees, expert witness fees, litigation costs, and other expenses incurred in prosecuting this action pursuant to Title VII and the New York State Human Rights Law;

G.    Awarding Plaintiff civil fines and penalties to the extent available under the New

York State Human Rights Law;

H.    Awarding Plaintiff pre-judgment and post-judgment interest; and

I.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury with respect to all issues properly triable by jury.

Dated: October 29, 2025
     Albany, New York

                     **HARDING MAZZOTTI, LLP**

By:    *Kelly A. Magnuson*
                            KELLY A. MAGNUSON, ESQ.
                            *Attorneys for Plaintiff*
                            1 Wall Street
                            Albany, New York 12205
                            Tel.: (518) 862-1200
                            Email: Kelly.Magnuson@1800law1010.com

TO:    VILLAGE OF SARANAC LAKE
       39 Main Street
       Saranac Lake, NY 12983

       SARANAC LAKE POLICE DEPARTMENT
       39 Main Street
       Saranac Lake, NY 12983

       LEIGH WENSKE
       39 Main Street
       Saranac Lake, NY 12983