LAW OFFICE OF DANIELA NANAU, P.C.

December 8, 2025

**By ECF**
The Honorable Mae A. D'Agostino
United States District Court
Northern District of New York
James T. Foley Courthouse
445 Broadway, Fourth Floor
Albany, New York. 12207

    Re:    *Buckley v. Village of Saranac Lake et al.*, Case No. 8:25-cv-01524-MAD-PJE

Dear Judge D'Agostino:

I represent the Plaintiff, Gabrielle Buckley, in the above-referenced matter, which is an employment case involving claims of gender-based hostile work environment and retaliation in violation of federal and state anti-discrimination laws. Pursuant to the Court's Individual Rule 2(A)(i), I write in response to Defendants' letter seeking a pre-motion conference relating to their anticipated Motion to Dismiss, dated December 4, 2025 ("Def. Letter"). *See* Docket No. 14.

In their letter, Defendants incorrectly contend that Plaintiff's discrimination and retaliation claims brought pursuant to the New York State Human Rights Law ("NYSHRL") must be dismissed because they are time-barred. *See* Def. Letter at 1. As recounted in the Complaint, Plaintiff submitted a Charge of Discrimination, which was filed jointly with the U.S. Equal Employment Opportunity ("EEOC") and the New York State Division of Human Rights ("DHR"), on April 27, 2022. *See* Complaint, Docket No. 1, ¶9. After DHR made a probable cause finding, Plaintiff's counsel requested dismissal on the grounds of administrative convenience from DHR and a Notice of Right to Sue from the EEOC so that litigation of the matter could commence in this Court. *See id.*, ¶¶11,14. The NYSDHR issued a Final Order of Dismissal on October 2, 2024 and the EEOC issued a Notice of Right to Sue on July 31, 2025. *See id.*, ¶¶13,125. This litigation

89-03 Rutledge Avenue, Glendale, NY 11385-7935 • Tel: (888) 404-4975 • Fax: (718) 998-6916
DN@DANIELANANAU.COM • WWW.DANIELANANAU.COM

The Honorable Mae A. D'Agostino
December 8, 2025
Page 2

was timely commenced with ninety days of Plaintiff's receipt of the Notice of Right to Sue from the EEOC, on October 29, 2025. *See* Docket No. 1.

Contrary to Defendants' position that Plaintiff's NYSHRL claims were not tolled because she ultimately requested a dismissal for administrative convenience from the DHR, and are therefore time-barred (*see* Def. Letter at 1-2), the Second Circuit has not yet resolved the question of whether EEOC charges toll the statute of limitations for NYSHRL claims. *See Esposito v. Deutsche BankAG,* 2008 WL 5233590, at *5 (S.D.N.Y. Dec. 16, 2008). However, a majority of district courts in New York have consistently concluded that EEOC charges do toll NYSHRL claims. *See, e.g., Nixon v. TWC Admin. LLC,* 2017 WL 4712420, at *2 (S.D.N.Y. Sept. 27, 2017) (collecting cases). Moreover, Defendants fail to address the operation of NYSHRL § 279(9), which at least some courts have held prohibits a party from filing a claim under the NYSHRL in court when the Charge of Discrimination is initially filed with the EEOC, since, under the Worksharing Agreement between the EEOC and DHR, an administrative claim is technically pending before both the EEOC and DHR. *See, e.g., Martinez–Tolentino v. Buffalo State Coll.,* 277 A.D.2d 899, 899 (4th Dep't 2000). Under New York law, a statute of limitations is tolled where the commencement of an action is prohibited by statute. *See* CPLR 204(a). Therefore, because the language in NYSHRL § 297(9) prohibits filing a claim in court while that same claim is pending before DHR, CPLR 204(a) arguably tolls the filing of the claim in court while the claim is pending before the EEOC. Thus, courts have opined that NYSHRL § 297(9) and CPLR 204(a) toll the NYSHRL statute of limitations while the Charge is pending before the EEOC. *See, e.g., Betterson v. HSBC Bank, USA, N.A.,* 139 F. Supp. 3d 572, 596–97 (W.D.N.Y. 2015), *aff'd,* 661 F. App'x 87 (2d Cir. 2016).

Moreover, Defendants' counsel ignores allegations in the Complaint demonstrating that the illegal hostile work environment Defendants subjected Plaintiff to continued into 2023, well-after Plaintiff filed her Charge with the EEOC and DHR in 2022. In the Complaint, Plaintiff alleges she was subjected to a gender-based hostile work environment starting in or around June 2021. *See* Complaint., ¶¶ 28-43. In October 2021, Plaintiff alleges she engaged in protected activity for the first time by participating in an investigation conducted by Defendant Village of Saranac Lake, in response to discrimination complaints raised by another female officer. *See id.*, ¶¶44-51. Thereafter, Plaintiff alleges that Defendants subjected her to a campaign of retaliation, which consisted of a "more aggressive" gender-based hostile work environment that continued at least until January 2023. *See id.*, ¶¶52-81.

It is well-settled that the continuing violation doctrine is applicable to hostile work environment claims under Title VII and NYSHRL. Under the "continuing violation" doctrine, "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002).

Moreover, "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Morgan*, 536 U.S. at 116–17. Therefore, the three-year statute of limitations on Plaintiff's NYSHRL claims began to run in January 2023, when the Defendants perpetuated the hostile work environment in retaliation for her protected activity by giving a Saranac resident who was stalking Plaintiff access to her full name and social security number, in violation of NYS Labor Law 203-d. Accordingly, even with no tolling, the NYSHRL claims were timely when the Complaint was filed, despite Defendants' position to the contrary.

The Honorable Mae A. D'Agostino
December 8, 2025
Page 4

      We appreciate the Court's time and attention to this matter.

Respectfully submitted,

_____
DANIELA NANAU

Defendants' counsel by ECF